Peter K. Strojnik, State Bar No. 026082
**THE STROJNIK FIRM L.L.C.**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone:  (602) 510-9409
Facsimile:  (602) 916-0253
Strojnik@skplaw.com

Attorneys for Plaintiff
Tracy Rexroat

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| TRACY REXROAT, an unmarried woman,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA *ex rel* ARIZONA DEPARTMENT OF EDUCATION,<br><br>            Defendant. | Case No:<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff alleges:

## INTRODUCTION

1.    Plaintiff brings a retaliation claim pursuant to Title VII of the Civil Right Act. Plaintiff has engaged in several activities that are protected by Title VII of the Civil Rights Act, filing EEOC charges and filing three separate lawsuits regarding unequal pay and failure to pay overtime wages, and Defendant has retaliated against Plaintiff directly because of these protected activities in the form of refusal to promote, refusal to increase salary commensurate with other employees who did not engage in protected activities, and lower scores on performance reviews.

## PARTIES AND JURISDICTION

2.    Plaintiff Tracy Rexroat is a single mother residing in Maricopa County, Arizona. Plaintiff has been employed as a State Supervisor for Defendant since June 2007. Plaintiff has a master's degree in school counseling and mental health, a master's of arts in teaching, a BS in mechanical technology, and a BS in technology education. Her starting salary was $40,000.00 per year, and it is currently $47,000.00.

3.    Defendant State of Arizona is a sovereign state of the United States of America. The Arizona Department of Education is an administrative agency created pursuant to A.R.S. § 15-231(A), with authority and responsibility for overseeing and regulating the public school system within Defendant.

4.    Jurisdiction and venue are proper in this Court.

5.    Plaintiff filed an EEOC Charge of Discrimination on January 18, 2016. She received a Right to Sue letter on May 12, 2016. This lawsuit is brought within the 90-day timeframe.

## ALLEGATIONS COMMON TO ALL COUNTS

6.    Defendant hired Plaintiff as a State Supervisor in June 2007. The position of State Supervisor has had a very high volume "turnaround" such that many of the State Supervisors that were employed in 2007 are no longer employed there. These "turnaround" employees were not fired but resigned their positions for better opportunities.

7.    Since Plaintiff began her position with Defendant, she has consistently received quality performance reviews. She is a very hard worker and has developed into one of the few loyal State Supervisors employed with the Arizona Department of Education. In return, Plaintiff has been rewarded with nothing.

8.    Plaintiff's starting salary with Defendant was $40,000.00. At the time Plaintiff was hired, other male and female State Supervisors were hired. The female State Supervisors were hired at or around the starting salary of $40,000.00 and the male State Supervisors were hired at or around the starting salary of $60,000.00.

Accordingly, because male and female State Supervisors performed the same job duties, Plaintiff sued Defendant for a violation of the Equal Pay Act (the "EPA litigation") and filed EEOC Charges pursuant to Title VII. The EPA litigation ultimately settled.

9. During the entirety of Plaintiff's employment with Defendant, her employment position number ended with the letter "N". The letter "N" represented that she was classified as nonexempt under the Fair Labor Standards Act, or FLSA. The FLSA is a federal statute relating to the payment of overtime wages. If an employee is nonexempt, that employee is entitled to overtime wages for labor in excess of forty hours per week.

10. Approximately one year after the EPA litigation, Plaintiff realized that she had been classified as nonexempt under the FLSA by Defendant and that Defendant promised to pay her overtime wages for labor in excess of forty hours per week. But, Defendant had not paid Plaintiff overtime wages for a period spanning four years.

11. Accordingly, Plaintiff sued Defendant again. This time for a violation of the Fair Labor Standards Act. Because Defendant is immune to FLSA lawsuits due to their sovereign immunity and lack of waiver of the issue, Plaintiff had to re-file and re-allege using common law theories in State court for breach of contract – the contract being promises of payment of overtime wages for labor in excess of forty hours per week (the "Overtime Litigation"). This Overtime Litigation ultimately settled.

12. During the pendency of the Overtime Litigation, Defendant, realizing the potential liability to Plaintiff and several other employees classified as nonexempt and who had not been paid overtime wages, reclassified scores of Defendant employees from nonexempt to exempt. Along with this reclassification, Defendant increased the salaries of these reclassified employees. Among these reclassified employees was Plaintiff. Accordingly, Plaintiff's salary was increased to $47,000.00 per year in consideration of her reclassification.

13.    During the entirety of the employment period, Plaintiff continued to receive excellent performance reviews. As of the settlement of the Overtime Litigation, Plaintiff was the most experienced State Supervisor employed by Defendant.

14.    However, following the settlement of the Overtime Litigation and EPA litigation, there were other Defendant State Supervisors who were being paid significantly more than Plaintiff despite being hired after her and despite having less experience as a State Supervisor. This is a continuing pattern through the date below written.

15.    Plaintiff began to receive lower performance review scores despite her having the most experience among the State Supervisors.

16.    Plaintiff applied for higher-paying positions for which she was obviously qualified, but she was denied the opportunity in favor of less qualified and less experienced individuals.

17.    Plaintiff has been engaged in litigation with Defendant since 2012 because she has been treated as the "ugly duckling" of the State of Arizona Department of Education. She is denied opportunities for promotion despite being the most qualified and experience. She is denied salary increases despite other less qualified persons being paid significantly more than her. She is also beginning to receive lower performance review scores.

18.    Plaintiff seeks to be paid commensurate with State Supervisors who have at least her level of experience and education, yet she is not because of her repeated challenges to Defendant's payment practices.

19.    Plaintiff's significantly smaller salary is a direct result of her EPA litigation and Overtime litigation against Defendants.

**COUNT ONE**

**(Retaliation)**

20.    Plaintiff realleges all allegations heretofore set forth.

4

21.    Plaintiff has sought to reapply for a State Supervisor position and has sought salary increases commensurate with her experience and high performance evaluations.

22.    Defendant has refused salary increases to Plaintiff because of Plaintiff suing Defendant twice and settling both cases favorably to Plaintiff.

23.    Other State Supervisor have been promoted. Other new hire State Supervisors have been hired with less experience but have been paid more than Plaintiff. This pattern continues to the date below written.

24.    As a result of the retaliation, Plaintiff has suffered damages.

25.    WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For a finding of liability on the part of Defendants;

    b.  For damages in an amount to be determined at trial;

    c.  For back pay in an amount to be determined at trial;

    d.  For a salary commensurate with the other State Supervisors with the same amount of experience as Plaintiff;

    e.  For attorney's fees;

    f.  For costs of suit;

    g.  For such other relief to which the Plaintiff may be entitled and this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

RESPECTFULLY SUBMITTED this 3rd day of August, 2016.


**THE STROJNIK FIRM LLC**


By */s/* Peter K. Strojnik
       Peter K. Strojnik (026082)
       2415 East Camelback Road, Suite 700
       Phoenix, Arizona 85016
       Attorneys for Plaintiff


**VERIFICATION**

I, Tracy Rexroat, have reviewed the above Complaint and the factual allegations therein. I state under the penalty of perjury to the best of my information, knowledge and believe that the allegations contained herein are true and correct.


/s/ Tracy Rexroat
Tracy Rexroat

6